IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12cv1305-CMA-BNB )
)
CORAL PRODUCTION CORPORATION, )
)
    Plaintiff, )
)
v. )
)
CHEVRON U.S.A INC., )
)
    Defendant. )
_____

## ~~ORDER FOR~~ STIPULATED PROTECTIVE ORDER
_____

Pursuant to F.R.C.P. 26(c)(1), Plaintiff Coral Production Corporation and Defendant Chevron U.S.A. Inc. ("the parties") agree as follows and submit this proposed Order for Stipulated Protective Order~~:~~. **Good cause having been shown,**

**IT IS ORDERED:**

1. Subject to the limitation in paragraph 9, "Confidential Material" shall mean and include all papers, records, data, information and other materials produced, exchanged or disclosed by the parties and portions of such documents that contain a trade secret, confidential research, development and commercial information, classified or proprietary information belonging to a party or to others to whom an obligation of confidentiality is owed. Provided, however, documents and information disclosed independently of the litigation shall not be "Confidential Material." "Confidential Material" must be treated as confidential by all parties to this litigation and used only for the purposes of this litigation and for no other purpose. In designating information as "Confidential Material" the Designating Person will make such designation only as to that information that the Designating Person in good faith believes satisfy the definitions set forth above.

2. Confidential Material produced in the Litigation shall not be used for any press

releases, commercial, business, competitive or other purpose whatsoever. Counsel for the parties will ensure that each of the attorneys or individuals associated with them and any other person to whom the Confidential Material is disclosed, disseminated or divulged pursuant to this Protective Order are familiar with and have agreed to be bound by the terms of this Confidentiality Agreement prior to disclosing, disseminating or divulging the Confidential Material to any third party.

3. Except as otherwise ordered by a court of competent jurisdiction, all Confidential Material produced in the Litigation shall be disclosed, transmitted, disseminated and used only by the following persons:

    a. Counsel of record for the respective parties to the litigation, including other attorneys working on the litigation in their offices, their law clerks, and their clerical or secretarial staff, upon execution of this Protective Order by counsel to the parties;
    b. The parties themselves;
    c. Any independent outside experts or consultants retained by any of the parties or their counsel;
    d. Any other person as to whom the parties may agree in writing.

4. Prior to disclosure of any Confidential Material to those identified in Paragraph 3.c. or d. above, counsel for the parties shall serve a copy of this Protective Order on the person to whom the Confidential Material is to be disclosed, disseminated or divulged, and have them sign an Affidavit of Compliance in the form attached hereto as **Exhibit A**.

5. Counsel for the parties or other individuals identified in this Protective Order are restrained from using, disclosing or otherwise divulging the Confidential Material produced, as well as any information derived from the Confidential Material, except in connection with any matter pertaining to the above-captioned case.

6. With respect to documents designated as Confidential Material, any party and any person indicated on the face of the document to be its originator, author, or recipient may be

shown the documents in a deposition, hearing, settlement conference or trial.

7. No designation of a document as Confidential Material pursuant to this Order shall constitute a basis for withholding any document or thing from discovery.

8. Within thirty days of the termination of this action (including appeals), all Confidential Material in the possession of persons identified in Paragraph 3 shall either be destroyed or returned to counsel for the producing party. In the event the Confidential Material in possession of persons identified in Paragraph 3 above is to be destroyed rather than returned to the opposing party's counsel, counsel for the party electing to destroy shall provide written notice to opposing counsel that the materials are to be destroyed rather than returned.

9. If a document has been produced by a federal or state agency pursuant to a request pursuant to a federal or state open records law, or if a document or the information therein is in the public domain, it is not Confidential Material and no party may thereafter designate it as Confidential Material, unless there is a specific basis for doing so (*e.g.*, if a party or its counsel has interlineated comments thereon and those comments themselves are Confidential Material).

10. If a document has been produced by a party and was not labeled as Confidential Material when produced the party may not thereafter designate it as Confidential Material unless the party so designates it as Confidential Material within ten (10) business days of the date of the original production of the document, unless the original failure to so designate was inadvertent, in which case the party may designate it as Confidential Material.

11. ~~Any party may apply to the Court, on written notice and in accordance with the Rules of Civil Procedure, for an order that a document designated as Confidential is not in fact Confidential Material as defined above.~~ **A party may object to the designation of particular Confidential information by giving written notice to the party designating the**

3

**disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.**

12.  Any party may apply to the Court, on written notice and in accordance with the Rules of Civil Procedure, for an order amending, modifying or vacating this Stipulated Protective Order or any provision of it.

13.  ~~All Confidential Material produced shall not be filed with the Court unless filed under seal by placing the documents and/or other information in a sealed envelope, electronically or otherwise, marked "CONFIDENTIAL — TO BE OPENED ONLY UPON FURTHER ORDER OF OR BY THE COURT." No Confidential Material produced shall be made public in any way absent the producing party's prior written consent and/or further order of this Court.~~ **Any request to restrict access to materials filed with the Court must comply with the requirements of D.C.COLO.LCivR 7.2.**

14. ~~Neither the taking of, nor the failure to take, any action to enforce the provisions of this Stipulated Protective Order, nor the failure to object or take any action, shall constitute a waiver of any right of any of the parties to seek and obtain protection or relief of any kind.~~

15. If any party or any other person or entity subject to this Stipulated Protective Order violates same, then the producing party shall be entitled to seek legal or equitable remedies to obtain relief or enforce its rights.  ~~The parties agree that monetary damages would not be a sufficient remedy for such breach.  Accordingly, the parties agree that in any proceedings for equitable relief, the producing party shall not be required to prove the inadequacy or insufficiency of monetary damages as a remedy~~.  No party shall be liable in any such proceeding if the Court has previously ruled under paragraph 11 that a document is not in fact Confidential Material.

**Dated August 27, 2012.**

        **BY THE COURT:**

        **s/ Boyd N. Boland**
        **United States Magistrate Judge**

Respectfully submitted, this 13th day of August, 2012.

| Approved as to form: | |
|---|---|
| s/Michael J. Dommermuth | s/Kenneth A. Wonstolen |
| Michael J. Dommermuth | Kenneth A. Wonstolen, CO # 11090 |
| Kyle W. Davenport | BEATTY & WOZNIAK, P.C. |
| McGloin, Davenport, Severson, & Snow, P.C. | 216 Sixteenth Street, Suite 1100 |
| 1600 Stout St., #1600 | Denver, CO 80202-5115 |
| Denver, CO 80202 | *Kwonstolen@bwenergylaw.com* |
| | |
| *Attorneys for Coral Production Corp.* | *Attorney for Chevron U.S.A. Inc.* |

~~Dated this _____ day of _____, 2012.~~

BY THE COURT:

_____
Christine M. Arguello
District Court Judge

## EXHIBIT A

I, _____, declare that:

1. My address _____ is _____

_____.

2. My present occupation is _____, and I am currently employed by _____.

3. I have been retained by _____ _____ with respect to this Litigation. A true copy of my curriculum vitae is attached (if applicable).

4. I have received a copy of the Protective Order in this Litigation, and have carefully read and understand its provisions.

5. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use for purposes other than for this lawsuit, any information designated Confidential Material, which I receive in this Litigation, except to the extent that such Confidential Material is or becomes public domain information or otherwise is not deemed Confidential Material in accordance with the terms of the Protective Order.

6. I declare under the penalty of perjury that the foregoing is true and correct. Executed:

_____
Signature

_____
Print Name

**Dated:_____, 201\_**